J-S13019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| UTIFE BLACKWELL | : | |
| | : | |
| Appellant | : | No. 1821 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 7, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009149-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| UTIFE BLACKWELL | : | |
| | : | |
| Appellant | : | No. 1822 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 7, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009807-2016

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED MAY 05, 2021**

Appellant, Utife Blackwell, appeals *nunc pro tunc* from the judgment of

sentence entered in the Philadelphia County Court of Common Pleas, following

his open guilty plea to third-degree murder, robbery, and other related

offenses at three docket numbers, in connection with three home invasions

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant committed. We affirm.

The relevant facts and procedural history of this case are as follows. In 2016, Appellant and several accomplices committed three separate home invasions; during one of those incidents, Appellant's co-defendant beat and stabbed Joseph Daly to death. (N.T. Plea Hearing, 6/11/18, at 57-61). On June 11, 2018, Appellant entered an open guilty plea to multiple charges on three dockets. (**See id.** at 62). Specifically, at CP-51-CR-0009807-2016 ("docket 9807-2016"), Appellant pled guilty to one count each of third-degree murder, conspiracy to commit murder, burglary, and robbery;[1] at CP-51-CR-0009149-2016 ("docket 9149-2016"), Appellant pled guilty to burglary, conspiracy to commit burglary, robbery, and terroristic threats;[2] and at CP-51-CR-0001074-2017 ("docket 1074-2017"), Appellant pled guilty to burglary and theft.[3]

On September 7, 2018, the court imposed an aggregate sentence of 50 to 100 years of incarceration, across all dockets. Specifically, at docket 9807-2016, the court imposed an aggregate of 35 to 70 years of incarceration; at docket 9149-2016, the court imposed an aggregate of 10 to 20 years of

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903(a)(1), 3502(a)(1), and 3701(a)(1)(i), respectively.

[2] 18 Pa.C.S.A. §§ 3502(a)(1), 903(a)(1), 3701(a)(1)(iv), and 2706(a)(1), respectively.

[3] 18 Pa.C.S.A. §§ 3502(a)(2) and 3921(a), respectively.

incarceration; and at docket 1074-2017, the court imposed an aggregate of 5 to 10 years of incarceration. The court ran all sentences consecutively.

On September 17, 2018, Appellant timely filed a post-sentence motion. On January 11, 2019, the court denied Appellant's motion. On February 12, 2019, Appellant timely filed a notice of appeal, but this Court dismissed his appeal due to his failure to file a docketing statement. On July 26, 2019, Appellant timely filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA").[4] The court appointed counsel for Appellant and on February 9, 2020, Appellant filed an amended PCRA petition. On September 18, 2020, the court granted Appellant PCRA relief and reinstated his direct appeal rights *nunc pro tunc*.

Appellant timely filed notices of appeal *nunc pro tunc* related to only dockets 9149-2016 and 9807-2016. Appellant did not appeal the sentence at docket 1074-2017. On September 29, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On October 12, 2020, Appellant filed his concise statement.

Appellant raises the following issue for our review:

> Did the trial court abuse its discretion in imposing an aggregate sentence of forty-five (45) to ninety (90) years on these two cases following an open plea?

(Appellant's Brief at 5).

---

[4] 42 Pa.C.S.A. §§ 9541-9546.

Appellant argues that the trial court did not fully account for mitigation evidence. Specifically, Appellant claims the court ignored that Appellant had low mental functioning and was susceptible to negative influences; that Appellant attempted to save the victim by calling 911; that Appellant chose to plead guilty to spare the pain of trial for the victims' families; and Appellant could have been rehabilitated. (*See* Appellant's Brief at 4). Additionally, Appellant contends the court imposed consecutive sentences following his plea without providing sufficient reasons on the record. Appellant admits that his sentences for third degree murder and conspiracy were within the guideline range, but emphasizes that his other sentences were upward departures from the guidelines. (*See id.* at 10). As presented, Appellant's issue challenges the discretionary aspects of his sentence. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super. 2013) (explaining claim that court failed to consider certain mitigating factors presents challenge to discretionary aspects of appellant's sentence).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a timely filed post-sentence motion. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when

the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

This Court has observed that

> [a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question. **Commonwealth v. McNabb**, 819 A.2d 54, 57 (Pa.Super. 2003). **Accord Commonwealth v. Wellor**, 731 A.2d 152, 155 (Pa.Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors generally does not raise substantial question). **Compare Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*) (stating substantial question is raised, however, where appellant alleges sentencing court imposed sentence in aggravated range without adequately considering mitigating circumstances).
>
> "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." **Id.** Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). **See also Commonwealth v. Tirado,** 870 A.2d 362, 368 (Pa.Super.

2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, [668 A.2d 536 (Pa.Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010). Although a bald allegation that the court failed to consider mitigating factors generally does not raise a substantial question, an assertion that the imposition of consecutive sentences is disproportionate to the crimes, "in combination with allegations that a sentencing court did not consider the nature of the offenses or provide adequate reasons for its sentence, presents a plausible argument that the length of the sentence violates fundamental sentencing norms." *Commonwealth v. Dodge*, 77 A.3d 1263, 1271–72 (Pa.Super. 2013).

Instantly, Appellant preserved his sentencing challenge by raising his claims in a timely post-sentence motion and filing timely notices of appeal *nunc pro tunc*. Appellant's brief also contains an appropriate Pa.R.A.P. Rule 2119(f) statement. Nevertheless, even if Appellant's claim raises a substantial question under *Dodge*, it merits no relief.

This Court has explained:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an

error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006). A sentencing court must state its reasons for the sentence on the record. *Commonwealth v. Burns*, 765 A.2d 1144, 1151 (Pa.Super. 2000). Where the court had the benefit of a PSI, we can assume that the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury, supra* at 171.

Here, the record belies Appellant's claim that the court ignored mitigation evidence. At sentencing, the court specifically noted that it considered the PSI report, the mental health evaluation, and the testimony of Dr. Anna Lawler, Appellant's mitigation expert. (*See* N.T. Sentencing, 9/7/18, at 60-61). The court acknowledged Appellant's low mental functioning and susceptibility, call to 911, and open plea. (*See id.* at 60-64). Ultimately, the court decided that "the magnitude of [Appellant's] criminal behavior established by the record demonstrates not only that all of the [c]ourt's sentences were reasonable, but also that the [c]ourt was well within its discretion in running some of the sentences consecutively in this case." (Trial Court Opinion, filed 12/4/20, at 6-7). Thus, the court determined that the escalating and violent nature of the three incidents to which Appellant pled guilty outweighed the mitigation evidence. (*See id.* at 7-8).

- 8 -

We reiterate that the court had the benefit of a PSI report, so we can presume the court considered all relevant and mitigating factors. *See Tirado supra* at 366. Further, the record shows no indication of partiality, prejudice, bias or ill will, or a manifestly unreasonable decision. *See Shugars, supra*. Under these circumstances, we see no reason to disrupt the court's sentencing rationale. *See id.* Accordingly, we affirm.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 5/5/2021*